IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **ROBERT M. BUTLER,**<br><br>          **Plaintiff,**<br><br>vs.<br><br>**WASTE MANAGEMENT, INC., WASTE MANAGEMENT NATIONAL SERVICES, INC., WASTE MANAGEMENT OF NEBRASKA, INC., and DEFFENBAUGH INDUSTRIES, INC.,**<br><br>          **Defendants.** | 4:22CV3011<br><br>**AMENDED CASE PROGRESSION ORDER** |

      This matter comes before the Court on the parties' Joint Motion to Extend the Deadline to Identify and Disclose Expert Witnesses (Filing No. 35). After review of the parties' motion, the Court finds good cause to grant the requested extensions. Accordingly,

      **IT IS ORDERED** that the Joint Motion to Extend the Deadline to Identify and Disclose Expert Witnesses (Filing No. 35) is granted, and the amended final progression order is amended as follows:

    1) Experts:

        a. The deadlines for identifying expert witnesses and completing expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

            For the defendants:    **January 17, 2023**
            Plaintiff's rebuttal:     **January 31, 2023**

        b. The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **February 13, 2023**.

        c. The deposition deadline, for expert testimony is **February 15, 2023**.

    2) The fact deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, remains **February 3, 2023**.

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

3) The trial and pretrial conference will not be set at this time. A planning conference to discuss case progression, dispositive motions, the parties' interest in settlement, and the trial and pretrial conference settings remains scheduled with the undersigned magistrate judge on **February 3, 2023**, at **11:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

4) The deadline for filing motions to dismiss and motions for summary judgment remains **March 6, 2023**.

5) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

6) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 24th day of October, 2022.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge